**S. H. LYNCH AND COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**S. H. LYNCH AND COMPANY, Inc., Respondent.**

No. 26259.

United States Court of Appeals Fifth Circuit.

Dec. 19, 1968.

Rehearing En Banc Denied Feb. 27, 1969.

William H. Neary, Jerry L. Buchmeyer, Fritz L. Lyne, Dallas, Tex., for petitioner; Thompson, Knight, Simmons & Bullion, Lyne, Klein & French, Dallas, Tex., of counsel.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Corinna Lothar Metcalf, John D. Burgoyne, Attys., N.L.R.B., Washington, D. C., for respondent.

Before TUTTLE and GEWIN, Circuit Judges and PITTMAN, District Judge.

PER CURIAM:

In this case the petitioner-company, S. H. Lynch & Company, Inc., requests the court to set aside the National Labor Relations Board's decision and order requiring the company generally to cease and desist from committing unfair labor practices and specifically to recognize and bargain with International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, AFL-CIO, as the exclusive bargain-

 

ing representative of its employees. The Board filed a cross-petition to enforce the order.[1] The company had refused to bargain with the union for the purpose of challenging the validity of a representation election during which the union made several misrepresentations to the employees.

The election was held between approximately 7:00 and 7:30 a.m. on Friday, November 19, 1965. A week before the election the union had mailed to the employees a leaflet entitled "It Does Not Cost—It Pays to Belong: Look at the Comparison and See for Yourself" which purported to compare the compensation and benefits received by the company's employees with those received by employees who were represented by the union. The leaflet was concededly false and misleading in several respects. The company became aware of the leaflet and the misrepresentations it contained sometime during the morning of Wednesday, November 17. However, the company made no effort whatever to correct or rebut the statements contained in the leaflet prior to the election.

On the basis of the Trial Examiner's findings, the Board concluded, among other things, that the company had had adequate time to answer the union's misrepresentations and, accordingly, refused to set aside the election. Our approach to Board determinations in the context of this case was succinctly stated in Pepperell Mfg. Co. v. NLRB, 403 F.2d 520, 522 (5th Cir. 1968) [November 13, 1968]:

> The Board has wide discretion in in its conduct and supervision of elections. Determination whether union representation election was fairly or unfairly conducted and should be set aside is primarily for the National Labor Relations Board. Thus, the only question presented to the Courts in an election review is whether the

Board has reasonably exercised its discretion.

The Board's findings and conclusions being supported by substantial evidence on the record considered as a whole, the company's petition . is denied and the cross-petition for enforcement is granted. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Order enforced.

## ON PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

---

1. This matter is before this court for the second time. The Board's original Decision and Order are reported at 160 N.L.R.B. 113. This court's opinion remanding the case to the Board is reported at

377 F.2d 558 (5th Cir. 1967). The Board's Supplemental Decision and Order following the remand are reported at 171 N.L.R.B. No. 167.